UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KRIS WATERHOUSE and husband,
ARTHUR WATERHOUSE,

    Plaintiffs,

V.                                  NO. _____

TENNESSEE VALLEY AUTHORITY,

    Defendant.

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, complaining of the Defendant, and allege and say as follows:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §1346 given that plaintiffs bring suit for injuries sustained due to the negligent or wrongful act or omission of an employee of the Government.

2. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this Complaint arose from events occurring within this judicial district.

3. The plaintiff, Kris Waterhouse, is a citizen and resident of North Carolina, currently residing at 790 Blevins Branch Road, Bakersville, North Carolina.

4. The plaintiff, Arthur Waterhouse, is a citizen and resident of North Carolina, currently residing at 790 Blevins Branch Road, Bakersville, North Carolina.

5. The defendant, Tennessee Valley Authority (TVA), is a constitutionally authorized corporate agency and instrumentality of the United States, created and existing pursuant to the TVA Act of 1933, 16 U.S.C. § 831 et seq. Federal law provides that the TVA "[m]ay sue and be sued in its corporate name." Tennessee Valley Authority Act of

1933 (TVA Act), 48 Stat. 60, 16 U. S. C. §831c(b). Furthermore, in a recent unanimous opinion, the United States Supreme Court rejected the notion that the TVA remains immune from all tort suits arising from its performance of so-called discretionary functions. *See Thacker v. Tennessee Valley Authority*, 139 S.Ct. 1435 (2019).

6. The Tennessee Valley Authority may be served with process at 400 West Summit Hill Drive, Knoxville TN 37902.

7. On or about June 9, 2018, plaintiff Kris Waterhouse was at the Wilbur Dam, located at 774 Wilbur Dam Road, in Elizabethton, Tennessee. The plaintiff fell into a hole thereby causing her to experience great pain and suffer injuries which will be more specifically mentioned hereinafter. Plaintiff Kris Waterhouse avers that the hole was covered by grass; therefore she was not able to see the same.

8. The plaintiff avers that the defendant was guilty of the following acts of negligence, which acts of negligence are one or more of the same, were the direct and proximate cause the accident and ensuing injuries and damages, to wit:

   a. In negligently and carelessly failing to exercise the degree of care for the safety of the invitees of Wilbur Dam that an ordinary, prudent person would have exercised;

   b. In allowing a dangerous condition to exist that would expose the plaintiff and all other invitees of Wilbur Dam to serious injury;

   c. Failing to properly maintain the Wilbur Dam;

   d. Failing to post signs or other warnings to apprise invitees of Wilbur Dam of the hole in the ground;

   e. Failing to take action when they knew or should have known that a dangerous condition existed.

   f. Was negligent in other manners as the evidence will show, to be later alleged and proved at trial.

9. That as a direct and proximate result of the aforementioned acts of negligent conduct, or one or more of the same, committed by the defendant, the following damages have been sustained by the plaintiff Kris Waterhouse, to wit:

   a. Fracture of her right ankle which required surgery

   b. Medical bills in the amount of $20,210.45

   c. Future medical expenses;

   d. Physical pain and suffering;

   e. Mental anguish;

   f. Loss of the enjoyment of life;

   g. Permanent physical impairment.

10. That as a direct and proximate result of the aforementioned acts of negligent conduct, or one or more of the same, committed by the defendants, plaintiff Arthur Waterhouse additionally avers that he has lost his wife's valuable services and lawful consortium.

WHEREFORE, plaintiffs pray for an Order of this Court granting judgment against the defendant in the amount of $300,000.00 in compensatory damages; for such other general and further relief to which they may show themselves entitled to upon a hearing of this cause.

Respectfully submitted,

*s/Thomas C. Jessee*
Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
423-928-7175
BPR 000113